UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00210-DCN |
| Plaintiff, | 1:25-cv-00338-DCN |
| v. | **MEMORANDUM DECISION AND** |
| JONATHAN ZAZUETA, | **ORDER** |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Defendant Jonathan Zazueta's Motion to Vacate under 28 U.S.C.

§ 2255. Dkt. 52. But this is not a § 2255 case. While Zazueta filed his motion on a § 2255

form template, Zazueta's sole request is for the Court to give him credit for the time he

spent in Idaho Department of Correction ("IDOC") custody pending the disposition of this

case. [1] Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On September 10, 2020, a federal grand jury returned a single count indictment

charging Zazueta with distribution of methamphetamine. Dkt. 1. An arrest warrant was

---

[1] Because Zazueta filed his motion on a § 2255 form, the Clerk of the Court opened a corresponding civil case (Case No. 1:25-cv-00338-DCN). The Court will summarily dismiss and close that case as part of its decision today.

issued the following day. Dkt. 2. Because Zazueta was serving a sentence in Idaho state prison at the time of his indictment, the Government filed a Motion for Writ of Habeas Corpus Ad Prosequendum to effectuate Zazueta's presence at his arraignment and initial appearance in federal court. Dkt. 3. Magistrate Judge Ronald E. Bush granted the Government's motion. Dkt. 4.

At his initial appearance and arraignment on January 27, 2021, Zazueta was provided an attorney (Dkt. 10), he waived a detention hearing (Dkt. 11), and—critical for today's purposes—he waived his right to remain in federal custody (Dkt. 12).

Zazueta eventually entered into a plea agreement with the Government (Dkt. 29) and on June 7, 2022, the Court sentenced Zazueta to 120 months imprisonment with five years of supervised release to follow. Dkts. 49, 50, 51.

On June 30, 2025, Zazueta filed the instant Motion to Vacate which the Court will construe as a motion for credit for time served. Dkt. 52. Zazueta alleges he is entitled to credit against his sentence from the date of his arraignment (January 21, 2021) to the time he was sentenced (June 7, 2022) because he was being held in IDOC custody.

The Government did not file any response.

### III. ANALYSYS

Calculating credit for time served can be a complicated and arduous task. However, this case is relatively straightforward because of Zazueta's waiver.

Program Statement 5880.28 and 18 U.S.C. § 3585(b), preclude the application of credit for time that has been credited against another sentence. In addition, Program

MEMORANDUM DECISION AND ORDER - 2

Statement 5880.28 and 18 U.S.C. § 3585(a), explain that the earliest possible date a sentence can commence is the date on which it is imposed by the Court.

While it is true Zazueta appeared in federal court on January 21, 2022, pursuant to a federal arrest warrant, he executed a waiver indicating his desire that he *not* be remanded into federal custody, opting instead to be returned to IDOC custody. Dkt. 12. Because of this waiver, Zazueta could not receive credit towards any federal sentence for that period of incarceration.[2]

Accordingly, Zazueta's federal sentence began on June 7, 2022—the date it was imposed—and he cannot receive any additional time from before that date because he was receiving credit towards his state sentences at such time.[3] Although his federal sentence— once imposed—ran concurrent with his state sentence, the Court cannot "go back" in time and capture additional periods of custody.

In sum, contrary to Zazueta's assertion, he is not entitled to credit for the time he spent after being arraigned on this federal charge but before being sentenced, because he was serving a state sentence in Idaho state court at that time.

## IV. ORDER

The Court **HEREBY ORDERS**:

1. Zazueta's Motion (Dkt. 52) is DENIED.

---

[2] The Court is not implying this was a poor choice. There are many reasons why a person would not want to be taken into federal custody. Many criminal defendants waive remand into federal custody as Zazueta did here.

[3] While the transcript of Zazueta's sentencing hearing was not ordered by either party, the Court has reviewed the same and can represent that while Zazueta's attorney did motion the Court for the time Zazueta had served in IDOC that would otherwise *not* be credited to his sentence, the Court declined to do so.

2.  The Clerk of the Court shall file this decision in both the criminal and civil case

and shall CLOSE the civil case.


DATED: October 6, 2025

David C. Nye
Chief U.S. District Court Judge